UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| SARAH BOGUSEWSKI, | CIVIL ACTION NO. 5:25-CV-459-KKC |
| **Plaintiff,** | |
| v. | **OPINION & ORDER** |
| BERKLEY SPECIALTY INSURANCE CO.<br>and<br>TENCO SERVICES, INC.,<br>**Defendants.** | |

*** *** ***

This matter is before the Court on a motion to stay (R. 13) filed by defendants Berkley Specialty Insurance Co. and Tenco Services, Inc. For the following reasons, the Court will grant the motion.

With her complaint, Plaintiff Sarah Bogusewski alleges that the defendants violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230, in resolving her insurance claim.

The root of this dispute goes back to 2022. That year, Bogusewski was attacked by dogs owned by a tenant at a residence owned by a subsidiary of Easy Knock, Inc., which was insured by a policy issued by defendant Berkley. (R. 1 ¶¶ 22–24.) Bogusewski sued Easy Knock in Fayette County Circuit Court for negligence. (R. 1 ¶ 35.) The matter proceeded to trial, and, on November 19, 2025, the jury awarded Bogusewski $320,776.68 in actual damages and $5,000,000 in punitive damages (R. 1 ¶ 64-66), apportioning 99 percent of the fault to Easy Knock and one percent of the fault to the tenant.

1

Bogusewski then filed this statutory bad faith action against Berkley and Tenco, an adjusting firm retained by Berkley. She asserts that Berkley and Tenco have violated various provisions of Kentucky's bad faith statute during the parties' negotiations regarding her claim.

Defendants move to stay this action pending resolution of all appeals of the state court action. They make two arguments: (1) the Court should stay the case under the abstention doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); or in the alternative, (2) the Court should stay this action based on judicial economy considerations because Bogusewski's bad faith claim is predicated on the state court's jury verdict finding that Easy Knock is liable for the dog attack, which may be reversed by the appellate court.

The *Colorado River* abstention doctrine is not applicable here. "A necessary requirement for application" of this doctrine "is the presence of a *parallel*, state proceeding." *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). The "key issue" when analyzing whether the proceedings are parallel is whether "complete relief" can be obtained in the state court. *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990); *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994). "Put simply, where there are issues raised in the federal suit that will not be resolved by the state suit, *Colorado River* abstention is inappropriate." *Summit Contr. Grp., Inc. v. Ashland Heights, LP*, 187 F. Supp. 3d 893, 897–98 (M.D. Tenn. 2016). Here, the state court action cannot resolve the bad faith claim in this federal action. No such claim is asserted in the state court action.

Defendants are correct that parallel actions need not be identical, and substantial similarity between the two actions is enough. *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). The issue is whether the parties are substantially similar and whether the plaintiffs' claims in the two actions are "predicated on the same allegations as to the same material facts." *Id.* at 337.

2

Here, neither Berkley nor Tenco is a party to the state court proceeding, and the allegations and material facts are different in the state and federal actions. The state court action involves a claim of negligence against a dog owner and the owner's landlord, which resulted in a dog attack; the federal action involves a claim of bad faith against the landlord's insurers in negotiations after the dog attack occurred. The material facts related to the state court claim necessarily occurred *before* the dog attack, while the facts related to the claim before this Court occurred *after* the dog attack. The facts relevant to the state court claim relate to the dog attack. The facts relevant to this action involve communications between Bogusewski and the insurers. Thus, the state and federal actions are not parallel.

Nevertheless, in its discretion, the Court will stay this action. A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "This includes the power to stay a matter pending resolution of independent proceedings which bear upon the case at hand." *Deluca v. Blue Cross Blue Shield of Michigan*, No. 06-12552, 2007 WL 715304, at *1 (E.D. Mich. Mar. 7, 2007) (internal quotations and citations omitted).

The Court has reviewed the state court docket to determine its status. The state trial court judgment is final, and the defendants in that action have appealed to the Kentucky Court of Appeals. The appellate court docket indicates that the defendants' appellate brief is due September 14, 2026.

3

For the defendants in this action to be found liable for bad faith, it must first be established that they have an obligation to pay under the policy. *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993); *see also Mobley v. Progressive Direct Ins. Co.*, 686 F. Supp. 3d 570, 574 (E.D. Ky. 2023) (observing that the *Wittmer* factors apply to both common law and statutory bad faith claims).

Here, the insurers' obligation to pay under the policy depends upon a finding that the insured (Easy Lock) was negligent and that the negligence caused the dog attack. While the state trial court judgment establishes Easy Lock's negligence and causation, that judgment is on appeal. If the appellate court should determine that the facts do not support the jury's findings, then Bogusewki's bad faith claim in this Court necessarily fails.

Bogusewski argues that it may take up to a year for the Kentucky Court of Appeals to resolve Easy Lock's liability. Any prejudice caused by the delay is, however, outweighed by the potential conservation of significant resources for both parties. Discovery is expensive and time consuming. That expense will be pointless if the negligence finding in the state court is overturned on appeal. Further, the Court retains jurisdiction to lift the stay upon its own motion or either party's motion should the delay be unreasonably prolonged. Accordingly, in the interests of judicial economy, the Court will stay this action pending further orders.

For all these reasons, the Court hereby ORDERS as follows:

1) Defendant's Motion to Stay is GRANTED (R. 8) as follows:

   This action is STAYED pending further orders of the Court; and

2) Within 14 (fourteen) days of the resolution of the action in the Kentucky Court of Appeals, defendants MUST FILE a notice advising this Court of the resolution.

This 4th day of August, 2026.



Signed By:

*Karen K. Caldwell*
United States District Judge

4